**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| NATHANIEL L. ANDERSON, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> And <br><br> JAMES T. FAHEY, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> PEREGRINE PHARMACEUTICALS, INC.; et al., <br><br> Defendants - Appellees. | No. 14-55882 <br><br> D.C. No. 8:12-cv-01647-PSG-FMO <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted May 4, 2016
Pasadena, California

Before: PREGERSON, BYBEE, and N.R. SMITH, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiffs appeal the district court's decision to dismiss their Second Amended Complaint (SAC) with prejudice and to deny leave to amend. We review motions to dismiss de novo, *In re Verifone Holdings, Inc. Sec. Litig.*, 704 F.3d 694, 700–01 (9th Cir. 2012), and the denial of leave to amend for an abuse of discretion, *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). For the reasons below, we affirm.

First, contrary to Plaintiffs' argument, the district court applied the proper legal standard for scienter. The district court cited our decision in *Zucco* and noted that the standard for scienter encompasses both knowledge of falsity and deliberate recklessness with respect to falsity.

Second, insofar as Plaintiffs at oral argument abandoned the duty-to-verify theory of liability espoused in their briefing, they clearly fail to adequately plead scienter under the heightened pleading standards imposed by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act (PSLRA), 15 U.S.C. § 78u-4. Defendants' choice of words in describing the results of the Phase II clinical testing at the time those results were unblinded was, as far as Defendants knew, entirely appropriate. Plaintiffs have failed to adequately allege any sort of red flag in the testing results that would have made it "obvious" that the results were invalid because of a coding error by an FDA-approved third-party contractor

2

running the double-blind study. *Zucco*, 552 F.3d at 991. The vague allegations by confidential witnesses do nothing to assist this claim. *See id.* at 995. Moreover, we decline, as we have in the past, to find the Defendants' attempts at securing capital during the putative Class Period to support an inference of scienter. *See, e.g.*, *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 884–85 (9th Cir. 2012).

Third, despite Plaintiffs' concession at oral argument, we independently reject their duty-to-verify theory as unsupported by law. Our case law *does* support a duty to verify prior to making public statements. But this is so only when failure to investigate potentially negative information amounts to "an egregious refusal to see the obvious." *In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1426 (9th Cir. 1994); *see also Verifone*, 704 F.3d at 708; *Zucco*, 552 F.3d at 991. We decline to extend this duty to require Defendants here to have run additional testing on the results they received from an FDA-approved third-party contractor, whose purpose was to run a procedurally valid double-blind test. It is easy for Plaintiffs to see what went wrong in hindsight; but that does not make Defendants' failure to see that problem prior to announcing test results fraudulent, at least in the absence of some red flags.

Finally the district court did not abuse its discretion in denying leave to amend. We recognize that leave should ordinarily be "freely give[n]." Fed. R.

3

Civ. P. 15(a). And we also recognize that when, as here, a district court denies leave to amend based on futility of amendment, we typically review de novo. *Zucco*, 552 F.3d at 1007. But "where," as here, "the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." *Id.* (alteration and internal quotation marks omitted). The district court did not abuse its discretion.

**AFFIRMED**.